GAMBLE V. TIMBERON WATER AND SANITATION DISTRICT

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**ARLIN GAMBLE, LYNDOL WILCOX, DEWAYNE BEAGLES, and VIRGIL BEAGLES,**
**Plaintiffs,**
**v.**
**TIMBERON WATER AND SANITATION DISTRICT,**
**Defendant-Appellee,**

**IN THE MATTER OF ATTORNEY CHARGING LIEN, ROBERT BEAUVAIS, PA**
**Appellant.**

Docket No. A-1-CA-36799
COURT OF APPEALS OF NEW MEXICO
March 11, 2019

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY, Matthew G. Reynolds, District Judge

**COUNSEL**

Carillo Law Firm, P.C., Raúl A Carillo, Jr., Steven E. Jones, Las Cruces, N.M, for Appellee

J. Robert Beauvais, P.A., J. Robert Beauvais, Ruidoso, NM, for Appellant

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Attorney J. Robert Beauvais, a self-represented litigant, appeals from a memorandum decision, entered November 30, 2016, and an order, entered on February 10, 2017, addressing the accrual of post-judgment interest on the attorney charging lien

in this case. [DS PDF 2; 6 RP 1377-78, 1438-41, 1484-85] This Court issued a notice of proposed disposition in which we proposed to affirm. Beauvais has filed a memorandum in opposition, and Timberon Water and Sanitation District filed a memorandum in support of our proposed disposition. We have duly considered the responses, and for the reasons stated in the notice of proposed disposition and in this opinion, we affirm.

**{2}** In our notice of proposed disposition, we noted that Beauvais was challenging the district court's decision to permit partial payments in the interpleader action, the district court's calculation of interest, and whether the district court even had jurisdiction over the interpleader action "without requiring the entire amount in dispute to be deposited in the court registry[.]" [CN 4-5 (quoting DS PDF 8)] In support of his arguments, Beauvais relied on the settlement agreement and Rule 1-022 NMRA. [CN 5] After reviewing the record, including the settlement agreement and Rule 1-022, we stated that we were not persuaded that the district court's decisions regarding calculation of interest were inconsistent with the settlement agreement or Rule 1-022. [CN 5]

**{3}** In response, Beauvais acknowledges that the settlement agreement authorized partial payments and that he agreed to accept partial payments. [MIO PDF 2] Nevertheless, he maintains that Rule 1-022 does not permit partial payments. [MIO PDF 2] Likewise, he continues to argue that this Court "should construe Rule 1-022 and the settlement agreement between the parties and conclude [that he] was entitled to receive post[-]judgment interest until the time the judgment was fully satisfied." [MIO PDF 3] He makes these arguments without reference to persuasive authority. We have already addressed these arguments in our notice of proposed summary disposition and will not revisit them here. *See Hennessey v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.3d 683 ("[I]n summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Therefore, for the reasons discussed above and in this Court's notice of proposed disposition, we conclude that the district court did not err in determining the interest calculations in this case. Accordingly, we affirm.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**MEGAN P. DUFFY, Judge**